52 F.3d 337
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Joe Manuel ARMENDAREZ, Petitioner--Appellant,
v.
John SHANKS, Warden, Attorney General of the State of New
Mexico, Respondents--Appellees.
 No. 94-2183.
 United States Court of Appeals, Tenth Circuit.
 April 11, 1995.
 
 Before TACHA, LOGAN and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal is from an order of the district court adopting the findings and recommended disposition of the United States Magistrate Judge in denying petitioner's petition for habeas corpus. Petitioner appeals on the grounds that the district court erred in finding that there was sufficient evidence upon which the jury could have based its conviction of petitioner and that the district court further erred in determining that petitioner was not denied equal protection of the law when the prosecutor at the trial used a peremptory challenge to exclude a Mexican-American juror. Petitioner finally alleges on appeal that the district court erred in finding that petitioner was not denied effective assistance of counsel when trial counsel failed to object to the peremptory challenge of the Mexican-American juror. We affirm.
 
 
 3
 Petitioner was convicted by a jury of first-degree murder and sentenced to life in prison. It is undisputed that the evidence upon which the jury relied was all circumstantial. The jury is entitled to rely on circumstantial evidence and to draw inferences therefrom. Our review of the case is limited to whether the jury could reasonably infer from the evidence a factual basis to sustain each material element beyond a reasonable doubt. We view the evidence in the light most favorable to the verdict. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The magistrate judge in this case recited in detail the evidence that supports the jury verdict. We have reviewed the record in this case and agree with the magistrate judge that there is ample evidence, although circumstantial, to establish beyond a reasonable doubt that petitioner killed the victim with the requisite intent.
 
 
 4
 Petitioner is a Hispanic male. The prosecutor at the trial used one of his peremptory challenges to exclude a Mexican-American juror. When a defendant makes out a prima facie case of intentional discrimination in the use of peremptory challenges by the prosecution, the prosecution has a duty to come forward with a neutral explanation for the use of the peremptory challenge. Batson v. Kentucky, 106 S.Ct. 1712 (1986). The trial court in this matter made detailed factual findings regarding the prosecutor's reasons for striking the Mexican-American juror. The reasons given by the prosecutor included the fact that the juror knew and was a member of the same church as defendant's wife, the juror had some prior knowledge of the killing, the juror's brother had been killed many years ago, and the juror's feelings related to his brother's case might affect his judgment in this case. These are all racially-neutral and clear and reasonably specific explanations of legitimate reasons for exercising the peremptory challenge. The magistrate judge and district court did not err in determining that the standard of Batson v. Kentucky was met.
 
 
 5
 Petitioner finally asserts that his trial and appellate counsel denied him effective assistance of counsel when they failed to object to the peremptory challenge. Having determined that the claim with respect to the peremptory challenge of the Mexican-American juror did not result in any constitutional violations, petitioner has failed to show that counsel's performance was inadequate under the standard articulated in Strickland v. Washington, 466, U.S. 668 (1984).
 
 
 6
 We AFFIRM the order of the district court denying the petition for writ of habeas corpus for substantially the reasons given by the magistrate judge and adopted by the district court.
 
 
 7
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470